UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

         Plaintiff,

  v.

BREANNA BOELENS,

         Defendant.
_____/

No. 1:24-cr-125

Hon. ROBERT J. JONKER
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between BREANNA BOELENS and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Plea to Information</u>. Defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Felony Information, charging Supplemental Security Income Fraud, in violation of Title 42, United States Code, Section 1383a(a)(3)(B).

2. <u>Defendant Understands the Crime</u>. For Defendant to be guilty of violating Title 42, United States Code, Section 1383a(a)(3)(B) as charged, the following must be true:

- Defendant concealed or failed to disclose any event that affected her initial or continued right to a benefit of any other individual on whose behalf she had applied for or was receiving such benefit under Title XVI of the Social Security Act;

- Defendant knew of the occurrence of the event; and

- Defendant did so with an intent to fraudulently secure the benefit either in a greater amount or quantity than was due or when no such benefit was authorized.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 42, United States Code, Section 1383a(a)(3)(B), is the following: 5 years of imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

4. <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>.

    a. <u>Assessment</u>. Defendant agrees to pay the special assessment on the day of sentencing.

    b. <u>Restitution</u>. Defendant acknowledges the Court may order restitution as required by law. Defendant agrees to pay restitution for losses to all victims, including victims of the count of conviction. The United States currently believes the amount of restitution to be approximately $64,424. However, the parties agree that the final amount of restitution will be determined by the Court at sentencing. Defendant agrees to pay restitution to the fullest extent possible at or before the time of sentencing by submitting funds to the Clerk of Court.

    c. <u>Financial Cooperation</u>. Defendant also:

        i. agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents,

or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

   ii. agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

   iii. agrees that prior to sentencing and until criminal monetary penalties are paid in full, she will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

  5. <u>Supervised Release Defined</u>.  Supervised release is a period following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if she violates one or more of the conditions of any supervised release imposed, she may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

  6. <u>Factual Basis of Guilt</u>.  Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

  In April 2018, Defendant applied for Supplemental Security Income benefits on behalf of RMM, a minor child. At the same time, Defendant also applied to be

RMM's representative payee, meaning she would receive funds on RMM's behalf. As part of the application process to become representative payee, Defendant falsely claimed that, among other things, RMM lived with her. At the time of Defendant's application, however, RMM lived with a relative, who subsequently became the child's legal guardian.

Defendant signed the benefits applications under penalty of perjury. As part of the applications, Defendant also acknowledged that she was required to use all the payments for RMM's benefit.

Because of Defendant's false statements to the Social Security Administration, the government ultimately deposited funds meant for RMM into Defendant's bank account. Defendant ultimately spent the majority of the approximately $64,000 that she received on her own personal expenses – including rent, gas, airline tickets, and prescription medications – rather than for the benefit of RMM.

7.  <u>Acceptance of Responsibility</u>.  The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of her offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

8. <u>Non-Prosecution Agreement</u>.  The U.S. Attorney's Office for the Western District of Michigan agrees, except for crimes of violence and criminal tax violations, not to further prosecute Defendant for any additional violations arising out of Defendant's fraudulent application for and use of RMM's Supplemental Security Income benefits from 2018 to 2022.  Defendant understands that the U.S. Attorney's Office is free to prosecute Defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

9. <u>Prison Placement</u>.  The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

10. <u>The Sentencing Guidelines</u>.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of

the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate Guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures.

12. <u>Waiver of Constitutional Rights</u>.  By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court.  As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

6

  c. The right to confront and cross-examine witnesses against Defendant.

  d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

  e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

  f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

 13. <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

 14. <u>Hyde Waiver.</u> Defendant acknowledges, by her voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

 15. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept

any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw her guilty plea[s], and she will remain bound to fulfill all her obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

16. <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

17. <u>Consequences of Breach</u>.  If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. If the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges

as the law and facts warrant. Defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

18. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

19. <u>Deadline for Acceptance of Agreement</u>. If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by **8/23/2024**, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

MARK A. TOTTEN
United States Attorney

September 10, 2024
Date

STEPHANIE M. CAROWAN
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Sep 9, 2024

Date

*Breanna Boelens (Sep 9, 2024 16:24 EDT)*

BREANNA BOELENS
Defendant

I am BREANNA BOELENS' attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

September 9, 2024

Date

JEFF KORTES
Attorney for Defendant

10